FORM 3 (ND/SD MISS. DEC. 2011)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DANYELLE GORDON, INDIVIDUALLY; AND
DANYELLE GORDON AND MARCUS GORDON
AS THE WRONGFUL DEATH BENEFICIARIES
OF AMONIA GORDON**                                    **PLAINTIFFS**

**VS.**                          **CIVIL ACTION NO. 3:20-cv-00697-DPJ-FKB**

**UNITED STATES OF AMERICA**                          **DEFENDANTS**

### CONSOLIDATED WITH

**MOUNTAIN LAUREL ASSURANCE COMPANY**                 **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 3:21-cv-373- DPJ-FKB**

**UNITED STATES OF AMERICA**                          **DEFENDANT**


### PRETRIAL ORDER


1.      Choose [by a ✔ mark] one of the following paragraphs, as is appropriate to the action:

✔ *If a pretrial conference was held*

> A pretrial conference was held as follows:


> Date:   August 8, 2022 at 10:00 a.m.
> United States Courthouse at: Jackson, Mississippi,
> before Judge Daniel P. Jordan, III.


*If the pretrial conference was dispensed with by the court pursuant to L.U.Civ.R. 16(f)(2)*

> The final pretrial conference having been dispensed with by the judicial officer,
> the parties have conferred and agree upon the following terms of this pretrial
> order:

2.      The following counsel appeared:

FORM 3 (ND/SD MISS. DEC. 2011)

    **a.**    For the Gordon Plaintiffs:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| William W. Simmons<br>Glover, Young, Hammack<br>Walton and Simmons, PLLC | 1724A 23rd Ave.<br>Meridian, MS 39301<br>will@gloveryoung.com | (601) 693-1301 |
| Kacey G. Bailey<br>Glover, Young, Hammack<br>Walton and Simmons, PLLC | 1724A 23rd Ave.<br>Meridian, MS 39301<br>Kacey@gloveryoung.com | (601) 693-1301 |

    **b.**    For the Defendant:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| James E. Graves, III | 501 East Court Street<br>Suite 4.430<br>Jackson, Mississippi 39201<br>James.Graves@usdoj.gov | (601) 965-4480 |
| Angela Givens Williams | 501 East Court Street<br>Suite 4.430<br>Jackson, Mississippi 39201<br>Angela.Williams3@usdoj.gov | (601) 965-4480 |

    **c.**    For Mountain Laurel:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| Andrew Hammond<br>Young Wells Williams P.A. | P.O. Box 6005<br>Ridgeland, MS 39158<br>ahammond@yougnwells.com | 601-360-9057 |

**3.**    The pleadings are amended to conform to this pretrial order.

2

**4.**     The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:


**By Plaintiffs**:

The Plaintiffs filed a Complaint against the United States alleging William Adank ("Adank") was negligent in operating an F250 Ford truck on October 30, 2018, and collided with the car driven by Danyelle Gordon ("Danyelle"). [Doc. 1]. Adank is an employee of the United States Department of the Navy who was in the course and scope of his employment when he ran into the vehicle driven by Danyelle and in which Amonia Gordon ("Amonia"), Danyelle's mother, was a front seat passenger. The collision resulted in injuries to and the wrongful death of Amonia and injuries to Danyelle. Plaintiffs are seeking all recoverable damages as a result of said collision.

**By Mountain Laurel**:

Mountain Laurel is pursuing a subrogation action against USA for property damages it paid to its insured, Danyelle Y. Gordon, stemming from a car accident caused by the negligent acts of USA's employee.

**By Defendant**:

None.

**5.**     The basis for this court's jurisdiction is: 28 U.S.C. §§ 1331 and 1346 as the United States of America is a party to this action.

**6.**     The following jurisdictional question(s) remain(s): None.

**7.**     The following motions remain pending: None

**8.**     The parties accept the following **concise** summaries of the ultimate facts as claimed by:

**a.**     Plaintiffs:

On October 30, 2018, Danyelle was driving her mother Amonia from Meridian towards Dekalb traveling north on Highway 39 in Lauderdale County, Mississippi. Highway 39 is a four-lane highway (two (2) lanes in each direction, running north/south). Adank, a Navy employee, was traveling east on John C. Stennis Drive in a Ford F250 Super Duty truck. John C. Stennis Drive is a two-lane road going east/west and is controlled by a stop sign. In addition, a second sign warned Adank on the date of the accident "Cross Traffic Does Not Stop". Adank ran the stop sign crossing into the south bound lane, did not yield in the median, and slammed into the Gordon vehicle which was traveling north on Highway 39. Adank impacted the driver's door of the

FORM 3 (ND/SD MISS. DEC. 2011)

Gordon Nissan Sentra, rolling the vehicle and knocking it through the intersection.  The Gordon vehicle eventually stopped in grass field adjacent to the highway.  Both vehicles were totaled.

Adank testified he stopped at the stop sign (which is disputed) but did not stop in the median and proceeded across the northbound lanes of Highway 39.  Adank admitted he could see "a ways" south on Highway 39.  Adank testified he did not see the Gordon's Nissan until he was 3 feet away from the vehicle.  Adank has admitted that he failed to yield the right of way to the Gordon Nissan; that he should have seen the Gordon vehicle; and that there was nothing Danyelle could have done to avoid the collision.  Adank temporarily lost his driving privileges with the Navy.

Amonia was taken by ambulance to Jeff Anderson Regional Medical Center ("Anderson Hospital").  She was hospitalized continuously, first at Anderson Hospital and then a Regency Hospital, and never returned home.  Amonia passed away after a painful hospital course on January 11, 2019.  She was 61 years old.  Dr. Joel Reynolds, Amonia's nephrologist who had been following her prior to the hospitalization and who also treated her while hospitalized post-collision, has opined that Amonia's death was a direct result of the horrific injuries she suffered as a result of the collision.  Amonia incurred more than $1,000,000.00 in medical expenses from the date of the collision to her death on January 11, 2019.

Danyelle was also taken from the scene of the collision by Metro Ambulance to Anderson Hospital.  She suffered injuries to her chest, sternum, left shoulder and left arm.  She had a right cheek abrasion and was in pain following this collision.  Two days later, she followed up with Immediate Care Family Clinic because of continued pain in her chest and lower abdomen.  Her left hip pain had increased and her chest was very tender.  She had pain in her back and neck and had visible bruise.  She was given Decadron and Toradol injections and released.  She followed up with her general practice physician on November 1, 2018, and received more Toradol injections and eventually began treating at Rush Pain Clinic for lower back pain that radiated into her lower extremities.  Danyelle is still suffering from her injuries.  Danyelle suffers from anxiety and depression related to the collision and has begun medications which were not necessary or required pre-collision.  Danyelle's medical expenses total more than $12,000.00.  Her lost wages total approximately $15,000.00.

   **b.**   **Defendant**:

The case arises from an automobile accident that occurred on October 30, 2018, at the intersection of Mississippi Hwy 39 and John C. Stennis Dr. in Lauderdale County, Mississippi.  William Adank, a Navy civilian employee, was driving a government-owned Ford F-250 east on Stennis Dr. when he collided with a Nissan Sentra traveling northbound on Hwy 39. At the time of the accident, the Sentra was being driven by Danyelle Gordon. Her mother, Amonia Gordon, was a passenger in the front seat.

FORM 3 (ND/SD MISS. DEC. 2011)

Mr. Adank stopped at the stop sign at the intersection, looked left and right, did not see any vehicles, and proceeded to cross the southbound lanes. Once in the middle of the intersection, he slowed down, looked left and right again, did not see any vehicles, and continued on. His vehicle then struck the driver's side of Danyelle Gordon's vehicle, which approached from his right side traveling at an excessive rate of speed.

Ms. Gordon admitted to police and medical personnel that she was speeding. The investigating officer for the Mississippi Highway Patrol also noted in his post-accident report that Ms. Gordon was speeding at the time of the accident.

Mr. Adank was keeping a proper lookout, but due to the speed at which Ms. Gordon was traveling and a blind spot created by his vehicle, he did not see Ms. Gordon's car approaching. An accident reconstructionist has done scientific work and determined that had Ms. Gordon been traveling at or below the posted speed limit, the vehicles would not have collided.

Both Amonia and Danyelle Gordon were transferred to the hospital by ambulance.

Danyelle Gordon was treated and released from the hospital on the day of the accident. She alleges she suffered soft tissue injuries, which she currently treats with muscle relaxers. Although she testified in her deposition that she had trouble sleeping for some time after the accident, she has not had those problems for over a year and has never sought counseling for her alleged emotional distress.

At the time of the accident, Amonia Gordon suffered from several, chronic co-morbidities, including end-stage renal failure, diabetes complicated by neuropathy and peripheral vascular disease, coronary artery disease, severe left ventricular hypertrophy, and moderate to severe pulmonary hypertension. These issues caused Amonia Gordon pain and suffering. Her cause of death is listed in her death certificate as cardiopulmonary arrest due to cardiogenic shock as a result of end-stage renal disease. No mention is made to the subject vehicle accident. Furthermore, although her doctors may provide speculative testimony that she would have lived longer had the accident not occurred, they cannot say how much longer she would have lived. Conversely, a life expectancy expert retained by the United States has opined and is expected to testify, if called, that, given Ms. Gordon's significant pre-existing conditions, her life expectancy at the time of the accident was only a few years.

Further, to date, there has been no estate opened and no estate representative appointed on behalf of Amonia Gordon.

### c.     **Mountain Laurel**:

Mountain Laurel accepts/adopts the summary of ultimate facts as presented by Plaintiff.

FORM 3 (ND/SD MISS. DEC. 2011)

**9.**    **a.**    The following facts are established by the pleadings, by stipulation, or by admission:

**By Plaintiffs and Mountain Laurel:**

1.    The collision between Adank's Ford F250 truck and Danyelle's Nissan Sentra occurred at the intersection of Highway 39 North and John C. Stennis Drive in Lauderdale County, Mississippi on October 30, 2018.

2.    The weather was clear and sunny.

3.    Adank was operating a white Ford F250 Super Duty truck.

4.    Adank was working in the course and scope of his employment with the United States Department of the Navy on October 30, 2018, at the time of the crash.

5.    Adank was traveling east on John C. Stennis Drive.

6.    Danyelle was operating a silver Nissan Sentra.

7.    Danyelle was traveling north on Highway 39.

8.    A stop sign controls east bound traffic on John C. Stennis Drive.

9.    Another traffic control sign, which reads "Cross Traffic Does Not Stop", warns east bound traffic.

10.    There is no traffic sign or traffic control device that stops north bound traffic on Highway 39 North, a fact which Adank has admitted.

11.    Adank's visibility looking south from the stop sign was unobstructed.

12.    Adank traveled from the stop sign to the median between Highway 39 North and Highway 39 South.

13.    Upon arriving at the median, the only thing impeding Adank's view to the south looking at northbound traffic was a street sign on the Highway as shown in Exhibit 6 to his deposition.

14.    At the median, Adank could see "a ways" looking south down Highway 39.

15.    Adank did not see the Gordon Nissan as he was crossing Highway 39 until it was "[R]ight in front of my truck. I would say 3 feet maybe."

16.     The front bumper of Adank's F250 Super Duty truck hit the driver's side of the Gordon Nissan.

17.     Adank testified there was nothing Danyelle could have done to avoid the accident.

18.     The F250 Super Duty truck's airbags deployed, and it was totaled.

19.     The force of the impact knocked the Gordon Nissan from the highway into a grass field.

20.     The Gordon Nissan rolled over and grass was lodged in the top of the driver's side door frames, the hood and the shattered windshield.

21.     Danyelle was extricated from the Nissan by emergency responders on the scene.

22.     Adank's driving privileges were suspended for between "six and nine months" by the Navy after the collision.

23.     Danyelle and Amonia were taken from the scene of the collision to Jeff Anderson Regional Medical Center by ambulance.

24.     After being evaluated and treated, Danyelle was discharged that same day, on October 30, 2018.

25.     Amonia remained hospitalized at Jeff Anderson Regional Medical Center and then Regency Hospital continuously until her death.

26.     Amonia never left a critical care setting during her hospitalizations.

27.     Amonia died on January 11, 2019, while still hospitalized at Regency Hospital.

28.     Amonia incurred more than $1,000,000.00 in medical expenses between the date of the collision and her death.

29.     Danyelle has incurred more than $12,000.00 in medical expenses as a result of the collision.

30.     Amonia had a medical history that included kidney failure due to longstanding diabetes complicated by hypertension and was on dialysis treatment.

31.     Amonia was compliant in her dialysis treatments, diet and fluid restrictions, as well as medication and was a "model" patient, according to her treating provider Dr. Joel Reynolds.

FORM 3 (ND/SD MISS. DEC. 2011)

32.     October 30, 2018, at the time of the accident in question, Mountain Laurel had an active insurance policy in place with Danyelle Y. Gordon to provide automobile insurance for the 2014 Nissan Sentra with VIN#3N1AB7AP8EL612141.

33.     Mountain Laurel paid $9,736.00 to Gordon for property damage to the Sentra pursuant to the insurance policy.

34.     Mountain Laurel has a subrogation lien for $9,736.00, on any award of damages in this matter.

The United States does not agree with any of the stipulated facts noted in paragraphs 1-34 except as provided below in paragraphs 1-3 and stipulated to between the United States and Mountain Laurel.  The plaintiffs in the respective matters before the Court cannot agree among themselves about the stipulated facts because neither is a party to the other's case and facts are only stipulated if all opposing parties agree.

**By Defendant and Mountain Laurel**:

1.      October 30, 2018, at the time of the accident in question, Mountain Laurel had an active insurance policy in place with Danyelle Y. Gordon to provide automobile insurance for the 2014 Nissan Sentra with VIN#3N1AB7AP8EL612141

2.      Mountain Laurel paid $9,736.00 related to property damage to the Sentra, pursuant to the insurance policy.

3.      Mt. Laurel agrees that the amount of its recovery, if any, shall be reduced in proportion to the amount of fault allocated to Danyelle Gordon in her case.

**b.**     The contested issues of fact are as follows:

**By Plaintiffs:**

The cause of the collision, whether Adank stopped at the stop sign governing east bound traffic before crossing Highway 39, Adank's rate of speed, and Danyelle's rate of speed.

**By Defendant:**

1.      Whether William Adank breached a duty of standard of care.

2.      Whether Danyelle Gordon failed to keep a proper lookout.

FORM 3 (ND/SD MISS. DEC. 2011)

3.      Whether Danyelle Gordon was speeding and was at least the partial cause of the accident.

4.      To what extent Amonia Gordon's treatment and damages were the result of her preexisting diseases and conditions.

5.      The amount of damages, if any, suffered by Danyelle Gordon as a result of the accident.

6.      Whether Plaintiffs can collect damages on behalf of Amonia Gordon given that they no estate has been opened and administered; and, if so, the amount of damages, if any, suffered by Amonia Gordon as a result of the accident.

7.      Whether Amonia Gordon's death was proximately caused by the accident.

8.      The amount of damages, if any, that Mountain Laurel can recover as a result of the accident.


**c.**      The contested issues of law are as follows.

**By Plaintiffs:**

1.      Whether Adank's negligence proximately caused the collision and resulted in the wrongful death of Amonia.

2.      Whether Adank's negligence proximately caused the collision and resulted in injuries and damages to Danyelle.

**By Defendant:**

1.      Whether William Adank breached a duty of care owed to Amonia or Danyelle Gordon.

2.      Whether Danyelle Gordon breached a duty of care owed to Amonia Gordon or William Adank.

3.

4.      Whether Danyelle Gordon's speed was a proximate cause of the accident.

5.      Whether Danyelle Gordon's failure to keep a proper lookout was a proximate cause of the accident.

6.      Whether Amonia Gordon's death was proximately caused by the accident.

FORM 3 (ND/SD MISS. DEC. 2011)

7.   Whether Plaintiffs are entitled to recover damages for Amonia Gordon; and if so, whether the injuries and treatment received by Amonia Gordon were proximately caused by the United States' negligence, if any.

8.   Whether the accident was the proximate cause of any damages sought by Danyelle Gordon and for which the United States is liable.

9.   Whether Mountain Laurel suffered any damages as a proximate cause of the accident for which the United States is liable.

10.  Whether the United States is entitled to judgment as a matter of law on Plaintiffs' negligence claims.

11.  Whether the United States is entitled to judgment as a matter of law on Plaintiff's wrongful death damages claim.

**10.**   The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties.  **Each exhibit has been marked for identification and examined by counsel.**

**a.**   To be offered by the Plaintiffs:

| No. | Description | Bates Begin | Bates End | Defendant's Objections |
|---|---|---|---|---|
| P1 | Uniform Crash Report | A. Gordon 000001 | A. Gordon 000006 | |
| P2 | Photographs | A. Gordon 000007 | A. Gordon 000013 | |
| P3 | Metro Ambulance Records and Bills | A-Metro Ambulance 0001 | A-Metro Ambulance 0109 | Lack of foundation; irrelevant; Hearsay |
| P4 | Anderson Regional Medical Center Records and Bills | A-Anderson Regional 0001 | A-Anderson Regional 1729 | Lack of foundation; irrelevant; Hearsay |
| P5 | Regency Hospital Medical Records | A. Gordon 001267 A. Gordon 005051 | A. Gordon 003758 A. Gordon 005051 | |
| P5A | Regency Hospital – | A. Gordon 002692, 2702, 2715, 2724, | A. Gordon 002692, 2702, 2715, 2724, 2728, | |

Form 3 (ND/SD Miss. Dec. 2011)

|  | Photographs (Color) | 2728, 2729, 2735, 2743, 2747, 2752 | 2729, 2735, 2743, 2747, 2752 |  |
|---|---|---|---|---|
| P6 | Regency Hospital Bills | A. Gordon 003759 A. Gordon 005050 | A. Gordon 003802 A. Gordon 005050 | Lack of foundation; irrelevant; Hearsay |
| P7 | North Hills Family Medical Clinic (Dr. McCloud) Medical Records | A. Gordon 003803 | A. Gordon 004064 |  |
| P8 | North Hills Family Medical Clinic (Dr. McCloud) Bills | A. Gordon 004065 | A. Gordon 004073 | Lack of foundation; irrelevant; Hearsay |
| P9 | Internal Medicine Clinic Medical Records and Bills | A. Gordon 004074 | A. Gordon 004224 | Lack of foundation; irrelevant; Hearsay |
| P10 | Meridian Imaging Bills | A. Gordon 004225 | A. Gordon 004232 | Lack of foundation; irrelevant; Hearsay |
| P11 | Meridian Emergency Physicians Bills | A. Gordon 004268 | A. Gordon004272 | Lack of foundation; irrelevant; Hearsay |
| P12 | Photographs MS Highway Patrol | A. Gordon 004723 (See GOVT-00002-20) | A. Gordon 004741 |  |
| P13 | Anderson Wound Health and Hyperbaric Center Medical | A. Gordon 004742 | A. Gordon 004844 | Lack of foundation; irrelevant; Hearsay |

Form 3 (ND/SD Miss. Dec. 2011)

|  | Records and Bills |  |  |  |
|---|---|---|---|---|
| P14 | Medical Arts Surgical Group Medical Records | A. Gordon 004845 | A. Gordon 004948 |  |
| P15 | LifeLine Anesthesia, LLC Medical Records and Bills | A. Gordon 004949 | A. Gordon 004968 | Lack of foundation; irrelevant; Hearsay |
| P16 | Meridian Medical Associates Bills | A. Gordon 005012 | A. Gordon 005030 | Lack of foundation; irrelevant; Hearsay |
| P17 | Diagnostic Tissue Cytology Group Medical Records and Bills | A. Gordon 005031 | A. Gordon 005049 | Lack of foundation; irrelevant; Hearsay |
| P18 | Metro Ambulance Medical Records and Bills | D. Gordon 000014 | D. Gordon 000024 |  |
| P19 | Meridian Emergency Physicians and Anderson Regional Medical Center Medical Records and Bills | D. Gordon 000025 | D. Gordon 000062 |  |
| P20 | North Hills Family Medical Clinic (Dr. McCloud) | DANYELLE-North Hills-0001 | DANYELLE-North Hills-0057 | Lack of foundation; irrelevant; Hearsay |

|  | Medical Records |  |  |  |
|---|---|---|---|---|
| P21 | North Hills Family Medical Clinic (Dr. McCloud) Bills | DANYELLE-North Hills-0058 | DANYELLE-North Hills-0078 | Lack of foundation; irrelevant; Hearsay |
| P22 | Immediate Care Family Clinic Medical Records | D. Gordon000103 | D. Gordon 000107 | Lack of foundation; irrelevant; Hearsay |
| P23 | Immediate Care Family Clinic Bills | D. Gordon 000108 | D. Gordon 000116 | Lack of foundation; irrelevant; Hearsay |
| P24 | Rush Pain Treatment Medical Records | D. Gordon 000117 | D. Gordon 000129 | Lack of foundation; irrelevant; Hearsay |
| P25 | Meridian Imaging Bills | D. Gordon 000130 | D. Gordon 000131 | Lack of foundation; irrelevant; Hearsay |
| P26 | Winn Dixie #0533 (pharmacy) Records and Bills | D. Gordon 000132 | D. Gordon 000132 | Lack of foundation; Irrelevant; Hearsay |
| P27 | Receipts JC Stennis Professional Services | D. Gordon 000184 | D. Gordon 000193 | Unauthenticated; lack of foundation; Irrelevant; Hearsay |
| P28 | Joe Cook, M.D. Bills (Rush Pain Treatment) | D. Gordon 000194 | D. Gordon 000197 | Lack of foundation; Irrelevant; Hearsay |
| P29 | HealthCare On The Go | D-Healthcareonthego 0001 | D-Healthcareonthego 0019 | Lack of foundation; irrelevant; Hearsay |

Form 3 (ND/SD Miss. Dec. 2011)

| | | | | |
|---|---|---|---|---|
| P30 | Letter – Dr. Richmond Alexander December 10, 2021 | A. Gordon 005055 | A. Gordon 005055 | Lack of foundation; Unauthenticated; Inadmissible expert testimony; Hearsay |
| P31 | Letter – Dr. Joel Reynolds December 7, 2021 | A. Gordon 005053 | A. Gordon 005054 | Lack of foundation; Unauthenticated; Inadmissible expert testimony; Hearsay |
| P32 | Letter – Dr. Miyako McCloud | A. Gordon 005056 | A. Gordon 005056 | Lack of foundation; Unauthenticated; Inadmissible expert testimony; Hearsay |
| P33 | Certificate of Completion | GOVT-0001 | GOVT-0001 | Irrelevant |
| P34 | Navy Driver Handbook | GOVT-0025 | GOVT-0108 | |
| P35 | Operator License | GOVT-0109 | GOVT-0109 | |
| P36 | Position Description | GOVT-0110 | GOVT-0113 | |
| P37 | SF 91 Motor Vehicle Accident Report | GOVT-0114 | GOVT-0133 | |
| P38 | Deposition of William Adank with exhibits | | | Lack of foundation; Failure to show unavailability of the witness; Hearsay; Unable to identify further objections at this time given |

F ORM 3 (ND/SD M ISS . D EC . 2011)

| | | | | breadth of document |
|---|---|---|---|---|
| P38A | Photographs (Exhibit 3, 4, 5, and 6) to Adank Deposition | | | |
| P39 | Deposition of Danyelle Gordon with exhibits | | | Lack of foundation; Failure to show unavailability of the witness; Hearsay; Unable to identify further objections at this time given breadth of document |
| P40 | Deposition of Marcus Gordon with exhibits | | | Lack of foundation; Failure to show unavailability of the witness; Hearsay; Unable to identify further objections at this time given breadth of document |
| P41 | Tax Returns 2017, 2018 | D. Gordon 000152 | D. Gordon 000175 | Irrelevant |
| P42 | Key Benefit payments | D. Gordon 000176 | D. Gordon 000183 | Lack of foundation; Irrelevant; Hearsay |
| P43 | Google Earth aerial and street view images of accident scene | www.earth.google.com 7 photographs | | Undisclosed; Unauthenticated; Lack of Foundation |

Form 3 (ND/SD Miss. Dec. 2011)

| P44 | Death Certificate of Amonia Gordon | A. Gordon 005052 | A. Gordon 005053 | |
| P45 | Curriculum Vitae of Richmond L. Alexander, III, M.D. | A. Gordon 005064 | A. Gordon 005064 | Not produced during discovery |
| P46 | Curriculum Vitae of Joel C. Reynolds, M.D. | A. Gordon 005057 | A. Gordon 005063 | Not produced during discovery |
| P47 | Summary of Medical Expenses – Amonia Gordon | A. Gordon 005067 | A. Gordon 005068 | Not produced during discovery; Lack of foundation; irrelevant; Hearsay |
| P48 | Summary of Medical Expenses – Danyelle Gordon | D. Gordon 000198 | D. Gordon 000198 | Not produced during discovery; Lack of foundation; irrelevant; Hearsay |
| P49 | E.E. McDonald Funeral Home Receipt | A. Gordon 005065 | A. Gordon 005065 | Lack of foundation; irrelevant; Hearsay |
| P50 | Photograph of Amonia, Danyelle and Marcus | A. Gordon 005066 | A. Gordon 005066 | Not produced during discovery; irrelevant |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated.  If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

Form 3 (ND/SD Miss. Dec. 2011)

Please see the objections above.

    **b.**    <u>**To be offered by the Defendant**</u>:

| No. | Description | Bates Nos. | Objections |
|---|---|---|---|
| D1 | Certificate of Death | | |
| D2 | Intentionally Left Blank | | |
| D3 | Google Earth image of scene | Exhibit 3 to Danyelle Gordon's deposition | |
| D4 | Photographs, charts and diagrams from expert report of Allen Powers | Reproduced separately as GOVT 140-147) | Unidentified by page number or any meaningful description; Not disclosed; Lack of foundation; Improper and inadmissible expert opinion(s); Hearsay, Relevance. |
| D5 | Anderson Regional radiology (Amonia) | AMONIA-Anderson Regional-0001-0120 | |
| D6 | Anderson Regional records (Amonia) | AMONIA-Anderson Regional-0121-1622; 1659 - 1729 | |
| D7 | Internal Medicine Clinic (Amonia) | AMONIA-Internal Med Clinic-0001–0083 | |
| D8 | Metro Ambulance records (Amonia) | AMONIA-Metro Ambulance-0001–0015; 0017-0026; 0028-0036; 0038-0049; 0051-0058; 0060-0071; 0073-0080; 0082-0095; 0097-0109 | |
| D9 | Rush Medical Group radiology (Amonia) | AMONIA-Rush-001 | |
| D10 | Rush Medical Group records (Amonia) | AMONIA-Rush-0002 – 0057 | |
| D11 | Regency Hospital Records (Amonia) | AMONIA-Select-0001– 3039 | |
| D12 | Anderson Regional radiology (Danyelle) | DANYELLE-Anderson Regional-0001–0013 | |

Form 3 (ND/SD Miss. Dec. 2011)

| D13 | Anderson Regional records (Danyelle) | DANYELLE-Anderson Regional-0014-0018; 0020-0066 | |
| D14 | Healthcareonthego records (Danyelle) | DANYELLE-Healthcareonthego-0001–0019 | |
| D15 | Immediate Care Family Clinic records (Danyelle) | DANYELLE-Immediate Care Family Clinic-0001–0010 | |
| D16 | Metro Ambulance Service records (Danyelle) | DANYELLE-Metro Ambulance-0001–0003; 0005-0012 | |
| D17 | North Hills Medical Clinic records (Danyelle) | DANYELLE-North Hills-0001-0078 | |
| D18 | Rush Medical Group records (Danyelle) | DANYELLE-Rush-0001–0082 | |
| D19 | Rush Pain Treatment Center records (Danyelle) | DANYELLE-Rush Pain Ctr-0001–0019 | |
| D20 | Photographs, charts and diagrams identified in expert report of Robert Michael Shavelle | Reproduced separately as GOVT 134-139 | Unidentified by page number or any meaningful description; Not disclosed; Lack of foundation; Improper and inadmissible expert opinion(s); Hearsay, Relevance. |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated.  If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

Please see above.

c.      **To be offered by Mountain Laurel:**

FORM 3 (ND/SD MISS. DEC. 2011)

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

**11**.     The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

    **a.**     **By Plaintiffs**:

Plaintiffs will use a chart showing a computation of damages in closing. See P47 and P48.

Objections, if any, to use of the preceding objects are as follows:

Having not seen the chart, Defendant cannot lodge all objections applicable but at this point Defendant is concerned that the chart will contain facts not in evidence and would object on that ground.

    **b.**     **By Defendant**:

    **c.**     **By Mountain Laurel**:

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three (3) business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

**12**.     The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness

Form 3 (ND/SD Miss. Dec. 2011)

constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert/ [L]iability/ [D]amages | Business Address & Telephone Number |
|---|---|---|---|
| Danyelle Gordon | W | FLD | Plaintiff |
| Marcus Gordon | W | FD | Plaintiff |
| William Adank | W | FLD | 4432 Long Creek Ct-Off Rd. Meridian, MS 39301 |
| Ron Bosarge | M | FLD | MS Highway Patrol, Troop H 910 US-11 Meridian, MS 39301 (601) 693-1926 |
| Phillip K. McDonald, M.D. | M | FED | Anderson Emergency Medicine / Anderson Regional Medical Center 2124 14th St. Meridian, MS 39301 (601) 553-6000 |
| D. Miyako McCloud, M.D., | M | FED | North Hills FMC |
| Britney Kersh, FNP | M | FED | 4331 Highway 39 North Meridian, MS  39305 (601) 484-6180 |

*Dr. McCloud is deceased; therefore, Plaintiffs may call a substitute in her place.

| | | | |
|---|---|---|---|
| Joe Cook, M.D. | M | FED | Total Pain Care 1001 14th St. Meridian, MS  39301 (601) 482-9224 |
| Brenden O'Neil, EMT | M | FED | Metro Ambulance Service 502 17th Ave. Meridian, MS  39301 (601) 483-2260 |
| Shynique Thigpen, EMT | M | FED | Metro Ambulance Service |

20

FORM 3 (ND/SD MISS. DEC. 2011)

|  |  |  | 502 17th Ave.<br>Meridian, MS  39301<br>(601) 483-2260 |
|---|---|---|---|
| Richard A. Nance, II, D.O. | M | FED | Immediate Care Family Clinic<br>1710 14th St.<br>Meridian, MS  39301<br>(601) 703-1485 |
| Tearrah Conerly, FNP | M | FED | Health Care On the Go, LLC<br>2401 State Boulevard<br>Meridian, MS  39307<br>(601) 282-8226 |
| Hans Tulip, M.D. | M | FED | Medical Arts Surgical Group<br>211 14th St.<br>Meridian, MS  39301<br>(601) 843-2580 |
| Richmond Alexander, M.D. | W | FED | Meridian Medical Associates<br>2024 15th St.<br>Meridian, MS  39301<br>(601) 553-2000 |
| T. Barry Calvit, M.D. | M | FED | Internal Medicine Clinic<br>1600 22nd Ave., Medical Towers III<br>Meridian, MS  39301<br>(601) 483-5322 |
| Joel C. Reynolds, M.D. | W | FED | Internal Medicine Clinic<br>1600 22nd Ave., Medical Towers III<br>Meridian, MS  39301<br>(601) 483-5322 |
| Robert E. Clark, M.D. | M | FED | Internal Medicine Clinic<br>1600 22nd Ave., Medical Towers III<br>Meridian, MS  39301<br>(601) 483-5322 |
| Otis Gowdy, M.D. | M | FED | Internal Medicine Clinic<br>1600 22nd Ave., Medical Towers III<br>Meridian, MS  39301<br>(601) 483-5322 |

FORM 3 (ND/SD MISS. DEC. 2011)

| | | | |
|---|---|---|---|
| Cody Aull, D.O. | M | FED | Anderson Ear, Nose and Throat Center<br>1521 A 22nd Ave.<br>Meridian, MS 39305<br>(former)<br><br>290 N. Olive Ave., Apt. 509<br>West Palm Beach, FL 33401<br>(current) |
| Amnia Goodwin-Fernandez, M.D. | M | FED | Ochsner Rush Medical Center<br>1314 19th Ave.<br>Meridian, MS  39301<br>(601) 483-0011 |
| William Billups, III, M.D. | M | FED | Medical Arts Surgical Group<br>2111 14th St.<br>Meridian, MS  39301<br>(601) 843-2580 |
| William Reid, M.D. | M | FED | Internal Medicine Clinic<br>1600 22nd Ave., Medical Towers III<br>Meridian, MS  39301<br>(601) 483-5322 |
| Wesley Bennett, M.D. | M | FED | Cardiovascular Institute of the South<br>4909 Great River Drive<br>Meridian, MS  39305<br>(601) 282-8980 |
| Linda Farmer, N.P. | M | FED | Regency Hospital<br>1102 Constitutional Drive<br>Meridian, MS  39301<br>(601) 484-7900 |
| Edward Holmes, M.D. | M | FED | Meridian Medical Associates<br>2024 15th St.<br>Meridian, MS  39301<br>(601) 553-2000 |
| D. Dru Denison, M.D. | M | FED | Anderson Regional Medical Center South<br>Wound Healing Center<br>1102 Constitution Ave.<br>Meridian, MS  39301 |

(601) 484-3432

Robert Berg, M.D.          M          FED          Anderson Regional Medical Center South
                                                   Wound Healing Center
                                                   1102 Constitution Ave.
                                                   Meridian, MS  39301
                                                   (601) 484-3432

LIST records custodian each provider

Heaven Brewster           M          FD           Anderson Regional Medical Center
Janice Murff                                      2124 14th St.
Records Custodians                                Meridian, MS  39301
                                                  (601) 553-6000

Heaven Brewster           M          FD           Anderson Regional Medical Center South
Janice Murff                                      Wound Healing Center
Records Custodian                                 1102 Constitution Ave.
                                                  Meridian, MS  39301
                                                  (601) 484-3432

Amanda Parish             M          FD           Diagnostic Tissue Cytology Group
Records Custodian                                 1512 20th Ave.
                                                  Meridian, MS  39301
                                                  (601) 483-8300

Tearah Conerly, NP        M          FD           Health Care On the Go, LLC
and/or Records Custodian                          2401 State Boulevard
                                                  Meridian, MS  39307
                                                  (601) 282-8226

Cathy Donald              M          FD           Immediate Care Family Clinic
Records Custodian                                 1710 14th St.
                                                  Meridian, MS  39301
                                                  (601) 703-1485

Landri Brown              M          FD           Internal Medicine Clinic
Records Custodian                                 1600 22nd Ave., Medical Towers III
                                                  Meridian, MS  39301
                                                  (601) 483-5322

Kimberly Giles            M          FD           Meridian Emergency Medicine
Records Custodian                                 Physicians
                                                  12700 Merit Drive, Suite 200

23

FORM 3 (ND/SD MISS. DEC. 2011)

| | | | |
|---|---|---|---|
| | | | Dallas, TX  75251 (337) 609-4051 |
| Cindy Parkus Records Custodian | M | FD | Meridian Imaging, PA P.O. Box 5653 Meridian, MS  39302-5653 (601) 693-5843 |
| Casey Haarala Records Custodian | M | FD | Meridian Medical Associates 2024 15th St. Meridian, MS  39301 (601) 553-2000 |
| Terry Irby Records Custodian | M | FD | Metro Ambulance Service 502 17th Ave. Meridian, MS  39301 (601) 483-2260 |
| Cathy Donald Records Custodian | M | FD | North Hills FMC 4331 Highway 39 North Meridian, MS  39305 (601) 484-6180 |
| Records Custodian and/or Lee Pinkerton | M | FD | Regency Hospital 1102 Constitutional Drive Meridian, MS  39301 (601) 484-7900 |
| Cathy Donald Records Custodian | M | FD | Rush Pain Treatment Center 1314 19th Ave. Meridian, MS  39301 (601) 703-4362 |

Will testify live:          All above.

Will testify by deposition:  None.

State whether the entire deposition, or only portions, will be used.  Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise).  All

Form 3 (ND/SD Miss. Dec. 2011)

controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial.  All objections not submitted within that time are waived.

13.    The following is a list of witnesses Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment).  All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial.  The listing of a **Will Call** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | Business Address & Telephone Number |
|---|---|---|---|
| William Adank | May | F, L, D | |
| Danyelle Gordon | May | F, L, D | |
| Allen Powers, PE | Will | E, L | |
| Ron Bosarge | May | F, L, D | MS Highway Patrol, Troop H 94122-3402 910 US-11 Meridian, MS 39301 (601) 693-1926 |
| Robert Michael Shavelle | May | E, D | Life Expectancy Project 1439 17th Avenue San Francisco, California |

Will testify live.  All

Will testify by deposition: None

State whether the entire deposition, or only portions, will be used.  Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise).  All

controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial.  All objections not submitted within that time are waived.

**14.**   This is not a jury case.

**15.**   Counsel suggests the following additional matters to aid in the disposition of this civil action:  None.

**16.**   Counsel estimates the length of the trial will be <u>2-3 </u> days.

**17.**   As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

      **SO ORDERED AND ADJUDGED** this the 19th day of September, 2022.

                  s/ *Daniel P. Jordan III*          
                  CHIEF UNITED STATES DISTRICT JUDGE

<u>/s/ Will Simmons</u>         
WILLIAM W. SIMMONS (MSB #99237)
KACEY G. BAILEY (MSB #102271)
Glover, Young, Hammack,
 Walton & Simmons, PLLC
1724A 23rd Avenue (39301)
Post Office Box 5514
Meridian, Mississippi 39302-5514
Telephone: (601) 693-1301
Telecopier: (601) 693-1363
will@gloveryoung.com
kacey@gloveryoung.com
     *Attorneys for Plaintiffs Danyelle Gordon, Individually, and Danyelle*
     *and Marcus Gordon as the Wrongful Death Beneficiaries of Amonia Gordon*

FORM 3 (ND/SD MISS. DEC. 2011)

_____

Andrew Hammond (MS#101987)
Young Wells Williams P.A.
141 Township Ave, Ste 300 (39157)
P.O. Box 6005
Ridgeland, MS 39158
Telephone: (601) 948-6100
Telecopier: (601) 355-6136
ahammond@youngwells.com
  *Attorney for Plaintiff (Mountain Laurel)*


/s/ James E. Graves, III
James E. Graves, III
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone: (601) 965-4480
Facsimile:  (601) 965-4032
Email: James.Graves@usdoj.gov
MS Bar No.    102252

/s/ Angela Givens Williams
Angela Givens Williams
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, MS 39201
Telephone:     (601) 973-2822
Facsimile:     (601) 965-4409
Email:         angela.williams3@usdoj.gov
MS Bar No.   102469


 Attorneys for Defendant